**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4308**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

         v.

ALVIN STALLINS,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (2:03-cr-00021-RAJ-TEM-1)

Argued:  March 22, 2013                     Decided:  April 5, 2013

Before TRAXLER, Chief Judge, and MOTZ and WYNN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Frances H. Pratt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Michael F. Murray, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.  **ON BRIEF:** Michael S. Nachmanoff, Federal Public Defender, Alexandria, Virginia, Richard J. Colgan, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Alexandria, Virginia, William D. Muhr, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alvin Stallins appeals a 36-month sentence, imposed following revocation of his supervised release. For the reasons that follow, we vacate and remand for resentencing.

I.

In April 2003, Stallins pled guilty to one count of possession with intent to distribute cocaine base and one count of possession of a firearm as a felon. He received a sentence of 121-months' imprisonment, and five years of supervised release.

In July 2008, the district court reduced Stallins's sentence to 100-months' imprisonment pursuant to 18 U.S.C. § 3582(c). In October 2009, the court again reduced Stallins's sentence, this time to 76-months' imprisonment, pursuant to the Government's substantial assistance motion. Later that month, Stallins was released from prison and began his five-year term of supervised release.

In January 2011, Stallins's probation officer filed a petition seeking revocation of Stallins's supervised release. The petition listed multiple violations of the supervised release conditions, including Stallins's recent arrest for possession of cocaine with intent to distribute and several firearms offenses. The probation officer later filed addenda to

3

the petition, stating that the firearm charges had been nolle prossed and that Stallins had pled guilty to the cocaine charge and received a sentence of seven-years' imprisonment.

On March 26, 2012, the district court held a supervised release violation hearing. Stallins admitted to multiple violations of the conditions of his supervised release, including his possession with intent to distribute cocaine, his failure to submit monthly supervised release reports, his failure to submit to drug testing, and his possession of cocaine based on positive drug tests. Based on those admissions, the court found Stallins in violation of his supervised release conditions, and revoked his supervised release.

The Government asked the court to sentence Stallins to the statutory maximum 36-months' imprisonment because his cocaine violation was identical to the conduct underlying his original federal conviction for which he had been serving a term of supervised release. Stallins maintained that he did not actually receive a significant benefit from his sentence reductions because they came so late in his sentence, that his state court sentence was particularly harsh, and that the birth of his son had "profoundly changed his attitude." On these grounds, he requested a "short" revocation sentence running concurrent to the state court sentence. Neither the court nor any party referred to the Guidelines Manual policy statement and

4

table suggesting a 24- to 30-months' imprisonment for commission of a grade A probation violation, like Stallins's, by a person with his criminal history category (IV).  See U.S.S.G. § 7B1.4.

The court sentenced Stallins to the statutory maximum of 36-months' imprisonment to run consecutive to his state court sentence.  The court chastised Stallins, finding it "inexcusable that you are back in here again."  The court emphasized that the law had not mandated any sentence reduction, rather the reductions were "purely the Judge . . . trusting you and giving you a chance."  Instead of taking advantage of that opportunity, Stallins had started "sneaking around dealing some drugs again."

II.

We affirm a sentence imposed after revocation of supervised release unless that sentence is plainly unreasonable.  See United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006).  Stallins maintains that the sentence he received is plainly procedurally unreasonable because the court failed to consider the applicable policy statement range.

A district court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence."  United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).  But it "must consider the policy statements contained in Chapter 7, including the policy

5

statement range, as 'helpful assistance,' and must also consider the applicable § 3553(a) factors." <u>United States v. Moulden</u>, 478 F.3d 652, 656 (4th Cir. 2007) (emphasis added); <u>see also</u> <u>Thompson</u>, 595 F.3d at 547.

Here, the district court may well have (at least implicitly) considered many of the applicable § 3553(a) factors. But it failed to indicate any consideration of the policy statement range for revocation sentences. The Government admits that the court did not calculate or recite the policy statement range, but argues that it considered the range because "the normal practice" in that district "is for the probation officer to provide the district court and the parties with a worksheet setting forth the guideline range." However, the record contains no such worksheet in this case. Nor would the mere presence of a worksheet in the record demonstrate that the court actually considered the policy statement range. Moreover, nothing in the hearing transcript even implies, let alone demonstrates, that the court considered Stallins's policy statement range during sentencing.[*] Facing such a dearth of evidence, we cannot presume that the court did consider the

---

[*] For these reasons, we deny the Government's motion to file a supplemental joint appendix containing a supervised release violation worksheet purportedly given to the district judge at sentencing but <u>not</u> filed with the clerk of court.

6

policy statement range. Therefore, we conclude that Stallins's sentence was procedurally unreasonable.

"For a sentence to be plainly unreasonable, . . . it must run afoul of clearly settled law." Thompson, 595 F.3d at 548. In this case, the mandate in Moulden that a sentencing court must consider the Chapter 7 policy statement range has been clearly settled since 2007. Because Stallins's sentence violated Moulden's clear language, it was plainly unreasonable.

The Government suggests, however, that any error was ultimately harmless because the district court's explicit consideration of Stallins's policy statement range would not have affected his sentence. The Government maintains the court's comments at sentencing "made plain that [it] was finished with granting leniency to the defendant," and that the court ultimately "articulated sufficient reasons for giving the defendant a 36-month revocation sentence."

Although the Government's contentions are not without merit, we cannot conclude that the error here was harmless. Under Crudup, the district court is charged with providing an individualized explanation for its decision to deviate from the policy statement range. 461 F.3d at 439; see also Moulden, 478 F.3d at 657. A sentencing court's indication -- however clear -- that it is "finished" granting a defendant sentencing reductions does not in itself demonstrate that the court intends

7

to deviate <u>upward</u> from the policy statement range.  Similarly, that the court articulated reasons sufficient to support a 36-month sentence does not, standing alone, provide "fair assurance" that the court would have given the same sentence if it had considered the policy statement range.  <u>See</u> <u>United States v. Boulware</u>, 604 F.3d 832, 838 (4th Cir. 2010).  Rather, had the court explicitly considered Stallins's policy statement range, "it could conceivably have given him a lower sentence." <u>Thompson</u>, 595 F.3d at 548.  Accordingly, we must vacate and remand for resentencing.

## III.

For the foregoing reasons, we vacate Stallins's sentence and remand to the district court for resentencing.

<u>VACATED AND REMANDED</u>

8