**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 13-4118
_____

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

TASHELL ROMAINE WALLER,

           Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (3:98-cr-00192-JRS-1)

_____

Argued: December 12, 2013        Decided: December 23, 2013

_____

Before SHEDD, DUNCAN, and DAVIS, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion. Judge Shedd wrote a dissenting opinion.

_____

**ARGUED:** Patrick L. Bryant, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Erik Sean Siebert, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee. **ON BRIEF:** Michael S. Nachmanoff, Federal Public Defender, Alexandria, Virginia, Robert J. Wagner, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tashell Romaine Waller appeals her eighteen-month sentence, imposed following revocation of her supervised release. For the reasons that follow, we vacate and remand for resentencing.

Waller completed her incarceration for possession with intent to distribute crack cocaine and using and carrying a firearm in relation to a drug trafficking offense in 2008 and thereafter began serving a five-year term of supervised release. Beginning in 2010, Waller violated several conditions of her supervised release. She admitted to all of the violations, and the district court gave her numerous opportunities to correct her conduct. Finally, at her fourth and final violation hearing held in February 2013, the district court revoked her supervised release and sentenced her to eighteen months of imprisonment.

At the final revocation hearing, the Government sought a twenty-four-month sentence, pointing to the numerous chances Waller had to conform her conduct to the terms of supervision and the fact that Waller had attempted to evade discovery of her drug use. In contrast, defense counsel sought home detention in light of Waller's responsibilities for her children. Waller personally addressed the court. The district court addressed Waller at some length and noted in particular

2

that Waller's attempt to defeat her drug test was a knowing and intentional effort to violate the court's order and could not be "left without some discipline." J.A. 55. The court revoked Waller's supervised release and imposed an eighteen-month sentence.

At the February 2013 hearing, neither the court nor the parties referred to the Guidelines Manual policy statement and corresponding table suggesting 3-9 months of imprisonment for commission of the grade C violations by a person, like Waller, in criminal history category I. See U.S. Sentencing Guidelines Manual § 7B1.4 (2012).

The issue before us is whether the district court committed reversible error in failing to consider, on the record, Waller's applicable policy statement range.

Generally, we will affirm a sentence imposed after revocation of supervised release unless that sentence is plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). A district court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence[.]" United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) (citation and internal quotation omitted). But, we have held that the sentencing court "must consider the policy statements contained in Chapter 7, including the policy statement range, as 'helpful

3

assistance,' and must also consider the applicable [18 U.S.C.] § 3553(a) factors." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (quoting Crudup, 461 F.3d at 439); see also Thompson, 595 F.3d at 547.

Here, the district court may well have considered many of the applicable § 3553(a) factors, which the Government argues were explicitly discussed in earlier revocation hearings. But the last such hearing occurred two years earlier. And more importantly, at the February 2013 hearing, the court failed to indicate any consideration of the policy statement range.[1] The Government also argues that the parties and court had a worksheet setting forth the Guidelines range. The certified record on appeal, however, contains no such worksheet, although the Government, over Waller's objection, tardily submitted the worksheet to the argument panel. In any event, the mere fact that a Probation Officer prepared a worksheet does not establish, on the present record, that the court actually considered the policy

---

[1] The Government relies on United States v. Davis, 53 F.3d 638 (4th Cir. 1995), in which we held that the sentencing court does not need to specifically mention the Guidelines range in order to establish that it considered the relevant policy statement. There are, however, critical differences between the facts in Davis and the record before us here. In Davis, the policy statement range was referenced repeatedly on the record and the supervised release worksheet was put on the record. 53 F.3d at 642. Nothing of the sort occurred here. In the face of such a record, Davis is plainly distinguishable and we therefore decline the Government's invitation to presume that the court actually considered the policy statement range.

statement range. We therefore conclude that Waller's sentence was procedurally unreasonable.

"For a sentence to be plainly unreasonable, . . . it must run afoul of clearly settled law." Thompson, 595 F.3d at 548 (citation omitted). In this case, the mandate that a sentencing court must consider the Chapter 7 policy statement range has been clearly settled since at least 2007, the date of our Moulden decision. [2] Because Waller's sentence violated Moulden's clear language, it was plainly unreasonable.

The Government argues that any error was harmless because the district court's explicit consideration of Waller's policy statement range would not have affected her sentence. Although the contention is not without force, we cannot conclude that the error here was harmless.

As described above, the district court is charged with providing an individualized explanation for its decision to deviate from the policy statement range. Moulden, 478 F.3d at 657. We have carefully reviewed the court's statements at the sentencing proceeding. Those statements do indeed suggest that it was unlikely to sentence Waller within the policy statement range. Nevertheless, we are not unconditionally persuaded that

---

[2] Indeed, we came to this precise conclusion in April of this year in an unpublished decision, United States v. Stallins, 521 Fed. App'x 104, 107 (4th Cir. 2013). Of course, at the time of Waller's violation hearing in February 2013, the district court did not have the benefit of our Stallins opinion.

5

the court intended to deviate upward from the policy statement range. Similarly, that the court may have articulated reasons sufficient to support an eighteen-month sentence does not, standing alone, provide "fair assurance" that the court would have given the same sentence if the record demonstrated that it had considered the policy statement range. United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010). "For a procedural sentencing error to be harmless, the government must prove that the error did not have a substantial and injurious effect or influence on the result." Thompson, 595 F.3d at 548 (internal citation omitted). Here, if the court had explicitly considered Waller's policy statement range, "it could conceivably have given [her] a lower sentence." Id.

For the reasons set forth, therefore, we vacate the judgment and remand for resentencing in conformity with this opinion.[3]

VACATED AND REMANDED

---

[3] We deny as moot Waller's motion to strike the supervised release violation worksheet.

SHEDD, Circuit Judge, dissenting:

The issue presented in this appeal is whether the district court properly considered the Guideline Policy statements during a supervised release revocation hearing. I believe the court did, and therefore I respectfully dissent.

Here, Waller had an initial revocation hearing on March 22, 2011, at which hearing the district court clearly knew the policy statement range was three to nine months. The district court found violations, but continued sentencing to give Waller a chance to correct her behavior. This leniency did not work, and Waller violated again in May 2011. But in a further effort to work with the defendant, the district court continued Waller on her supervised release under the same terms and conditions. Despite the district court's best efforts to work with Waller, she violated her conditions again several more times between October and December 2012. At a third court hearing, after Waller had failed two opportunities to follow her release conditions, the district court imposed a sentence of eighteen months.

Waller now asserts that although the district court had the range before it at her first revocation hearing, somehow it was unaware of that range when it finally imposed a sentence. Waller's argument is undercut by the precedent of this Circuit. There is simply no question that the district court knew the policy statement range at the first hearing. The government

stated the range in open court, and Waller does not challenge the fact that the court, the government, and she all had the probation officer's worksheet which reflected the three to nine month range. Over the course of the hearings, it is absolutely clear that the district court was well aware of Waller's conduct and the issues affecting her sentencing. The court listened to argument and recommendations for sentencing from both Waller and the government, and then imposed a sentence that was between the two recommendations.

Here, to comply with procedural reasonableness, the sentencing court must consider the policy statement and the circumstances of the individual defendant, but our precedent does not require that the consideration of the policy statement be explicit:

> The flaw in [the] argument here is [the] assumption that the district court did not consider the relevant policy statement. . . . <u>The fact that the district court did not mention the three to nine month range provided by the policy statement is not dispositive.</u> A court need not engage in ritualistic incantation in order to establish its consideration of a legal issue. It is sufficient if, as in the case at bar, the district court rules on issues that have been fully presented for determination. Consideration is implicit in the court's ultimate ruling.

<u>United States v. Davis</u>, 53 F.3d 638, 642 (4th Cir. 1995) (emphasis added). Because it is abundantly clear that the district court knew the policy statement range for Waller and

gave both sides the opportunity to present arguments on the appropriate sentence upon revocation, I would affirm.