**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4070**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MARLON J. PEGRAM, a/k/a Marlon Jamel Pegram,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:06-cr-00383-REP-1)

Submitted: January 22, 2014          Decided: February 14, 2014

Before DUNCAN, KEENAN, and DIAZ, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Valencia D. Roberts, Assistant Federal Public Defender, Patrick L. Bryant, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Peter Sinclair Duffey, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marlon J. Pegram appeals from the thirty-six-month sentence imposed by the district court after revocation of his supervised release. Pegram's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Pegram's sentence is plainly unreasonable because the district court failed to adequately explain the reasoning for the sentence. Pegram has not filed a pro se supplemental brief, despite receiving notice of his right to do so. For the reasons that follow, we affirm in part, vacate in part, and remand for resentencing.

I.

"This Court reviews whether or not sentences imposed upon revocation of supervised release are within the prescribed statutory range and are not 'plainly unreasonable.'" United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). Because Pegram's sentence was within the statutory range, the issue before us is whether his sentence is plainly unreasonable.

In sentencing for a violation of supervised release, a district court must consider the statutory factors in 18 U.S.C. § 3583(e), the advisory Sentencing Guidelines range in the U.S. Sentencing Guidelines Manual ("USSG") § 7B1.4, p.s. (2012), as well as the Chapter Seven policy statements and relevant 18

2

U.S.C. § 3553(a) factors.  See United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007).

Here, there is no record evidence that the district court in the revocation hearing considered the sentencing range, which would have been calculated under the Chapter 7 policy statements of the Guidelines.  See USSG § 7B1.4.  There is no record of a sentencing worksheet, mention of the worksheet on the record, or discussion of the sentencing range at the hearing.  Thus, Pegram's sentence is plainly unreasonable.  See United States v. Waller, ___ F. App'x ___, 2013 WL 6727896, at *1-*2 (4th Cir. Dec. 23, 2013) (No. 13-4118) (remanding for resentencing because district court failed to consider policy statement range on record).[1]

## II.

In accordance with Anders, we have reviewed the entire record and have found one meritorious ground for appeal.  Thus, for the reasons set forth herein, we vacate the thirty-six-month sentence and remand for resentencing in conformity with this

---

[1] We do not resolve whether the standard of review is for harmless or plain error because reversal is appropriate under either standard.

opinion.[2]   We affirm the district court's decision to revoke Pegram's supervised release.

This court requires that counsel inform Pegram, in writing, of the right to petition the Supreme Court of the United States for further review.   If Pegram requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.   Counsel's motion must state that a copy thereof was served on Pegram.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

[2] By this disposition, we intimate no view as to the length of the sentence to be imposed on remand, leaving that decision to the district court in the first instance.