**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4071**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

VINCENT VANOVER,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:19-cr-00030-GMG-RWT-1)

Submitted: October 7, 2020                    Decided: October 26, 2020

Before MOTZ and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Kristen M. Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant. William J. Powell, United States Attorney, Wheeling, West Virginia, Jeffrey A. Finucane, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vincent Vanover appeals the 18-month sentence of imprisonment and two-year term of supervised release imposed upon the revocation of his probation. On appeal, Vanover's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the two-year term of supervised release is unreasonable. Vanover was notified of his right to file a pro se supplemental brief but has not done so.

After a review of the record pursuant to *Anders*, we directed the parties to file merits briefs addressing whether, in sentencing Vanover within the Sentencing Guidelines range applicable to his underlying conviction, the district court adequately considered Vanover's advisory policy statement range. Having reviewed the parties' submissions, we vacate and remand for resentencing.

Upon revoking a defendant's probation, a district court has broad discretion to impose a sentence up to the statutory maximum for the original violation. *United States v. Schaefer*, 120 F.3d 505, 507 (4th Cir. 1997). The standard for reviewing a sentence imposed on revocation of probation is the same as the standard for reviewing a sentence imposed on revocation of supervised release. *United States v. Moulden*, 478 F.3d 652, 655-56 (4th Cir. 2007). Thus, we will affirm the revocation sentence if it is within the statutory maximum and is not "plainly unreasonable." *Id.* at 656.

To determine whether a revocation sentence is plainly unreasonable, we first review the sentence for reasonableness, applying the same general considerations employed in review of original sentences. *United Sates v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006).

2

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (footnotes omitted); *see Moulden*, 478 F.3d at 656 (requiring "consideration of all of the § 3553(a) factors" in imposing probation revocation sentence). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 207 (alteration and internal quotation marks omitted).

Where, as here, a defendant fails to preserve a claim of procedural sentencing error, our review is for plain error. *United States v. Lynn*, 592 F.3d 572, 576-77 (4th Cir. 2010). To satisfy this standard, Vanover must demonstrate that: (1) the district court erred; (2) the error was plain; and (3) the error affected his substantial rights. *Henderson v. United States*, 568 U.S. 266, 272 (2013). Even if those requirements are met, we will "exercise our discretion to correct the error only if it seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Nicholson*, 676 F.3d 376, 381 (4th Cir. 2012) (internal quotation marks omitted).

It is well settled in this Circuit that a court imposing sentence upon revocation of probation must consider "the policy statements contained in Chapter [Seven], including the policy statement range, as 'helpful assistance,'" in selecting the sentence. *Moulden*, 478 F.3d at 656; *see* 18 U.S.C. § 3553(a)(4)(B). For these purposes, the Guidelines Manual treats revocation of supervised release and probation equivalently, requiring consideration

3

of the policy statement range established under Section 7B1.4. U.S. Sentencing Guidelines Manual § 7B1.3(b), p.s. (2018); *see Moulden*, 478 F.3d at 655-56; *see also Schaefer*, 120 F.3d at 506-08 (noting that, after 1994 amendment to 18 U.S.C. § 3565(a)(2), district court is not constrained to sentence within original Guidelines range). A defendant, like Vanover, with Grade C violations and criminal history category of III is subject to an advisory policy statement range of 5 to 11 months' imprisonment. USSG § 7B1.4(a), p.s. (sentencing table).

In sentencing Vanover, the district court neither calculated nor expressly considered the applicable policy statement range. Instead, its statements during the revocation hearing indicate that it believed it should be guided by the Guidelines range applied at Vanover's original sentencing. While the probation officer prepared a worksheet describing the policy statement range, and defense counsel referenced that range in her sentencing argument, both likewise indicated that the original Guidelines range applied. On this record, we decline the Government's invitation to infer the court's implicit consideration of the policy statement range. *See United States v. Carter*, 564 F.3d 325, 329-30 (4th Cir. 2009) (precluding appellate court from "guess[ing] at the district court's rationale" or engaging in "any presumption that, when imposing a sentence, the district court has silently adopted arguments presented by a party"); *see also United States v. Waller*, 548 F. App'x 917, 919 (4th Cir. 2013) (No. 13-4118) (argued but unpublished) ("[T]he mere fact that a Probation Officer prepared a worksheet does not establish . . . that the court actually considered the policy statement range."). Thus, we conclude that the district court committed error in

4

failing to adequately consider the policy statement range and that the error is plain. *See United States v. Thompson*, 595 F.3d 544, 547-48 (4th Cir. 2010) (describing "plain" error).

Further, we readily conclude that the error affected Vanover's substantial rights. Given that the court sentenced Vanover at the bottom of the Guidelines range from his original sentencing, we discern a reasonable probability that the court would have imposed a lower sentence had it properly considered the applicable 5-to-11-month policy statement range. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016). Further, we conclude that the error seriously affected the fairness of the proceeding, warranting correction. *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1903 (2018).

In the *Anders* brief, Vanover's counsel also questions the reasonableness of Vanover's supervised release term. Unlike Vanover's term of imprisonment, our review reveals no procedural error in the supervised release portion of Vanover's sentence. The two-year term was within the range authorized for person who committed a Class C felony, *see* USSG §§ 5D1.2(a)(2), 7B1.3(g)(1), p.s., and the court provided an adequate explanation for the length of the term it imposed. However, because we find Vanover's sentence otherwise procedurally unreasonable, we have no occasion to address the substantive reasonableness of his supervised release term. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).

5

Accordingly, we vacate the district court's judgment and remand for resentencing.[*] In so doing, we express no opinion as to the appropriate length of Vanover's sentence, leaving that determination in the first instance to the district court's sound discretion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] We note that Vanover's impending release from prison neither moots his sentencing challenge nor eliminates the need for resentencing. *See United States v. Ketter*, 908 F.3d 61, 65-66 (4th Cir. 2018).